**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**PAUL CLARK VALMAIN**                                                  **PETITIONER**

**VERSUS**                                  **CIVIL ACTION NO. 4:12CV204 HTW-LRA**

**STATE OF MISSISSIPPI**                                           **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Paul Valmain filed a petition for writ of habeas corpus relief on December 27, 2012. Respondent filed a motion to dismiss asserting that the petition is barred as untimely pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996. The Court recommends that the motion be granted for the reasons that follow.

Valmain was convicted in the Circuit Court of Neshoba County on one count of sexual battery based largely on the testimonies of the five-year-old victim and her six-year-old brother, who witnessed the incident. *See* Miss. Code Ann. § 97-3-51-(1)(d) (Rev. 2006). On March 8, 2007, he was sentenced to 25 years in the custody of the Mississippi Department of Corrections. On April 2, 2009, the Mississippi Supreme Court affirmed his conviction and sentence in a written opinion, *Valmain v. State*, 5 So.3d 1079 (Miss. 2009). Valmain did not file a petition for a writ of certiorari in the United States Supreme Court. On or around November 9, 2011, he filed a motion for post-conviction relief, which was denied by the Mississippi Supreme Court on February 15, 2012.

Aggrieved, Valmain filed the instant petition for federal habeas corpus relief on December 27, 2012.[1]

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1). AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d

---

[1]ECF Nos. 10-1–10-7.

941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Valmain's conviction became final on July 1, 2009, 90 days after the Mississippi Supreme Court affirmed his conviction on direct appeal on April 2, 2009. Because the time period during which Petitioner could have sought further review is added to the date his direct appeal ended, he is credited with the 90-day time period permitted for seeking a writ of certiorari in the United States Supreme Court. *See* Rule 13(1) of the United States Supreme Court Rules; *see also Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003) (state court judgment becomes final for AEDPA purposes when the time to file a petition for writ of certiorari with the Supreme Court has expired, i.e., 90 days after the judgment is entered). Thus, to toll the statute of limitations, Petitioner was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before July 1, 2010.[2] Because he did not file his state court motion for post-conviction relief

---

[2] None of the other provisions contained in 28 U.S.C. § 2244(d)(1)(B)(C)(D) are applicable in this case.

3

until November 9, 2011, AEDPA's one-year statute of limitations ran uninterrupted from July 1, 2009, to July 1, 2010. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (expired limitations period cannot be revived by filing a state habeas petition). Absent statutory or equitable tolling, his federal habeas petition filed in this Court on December 27, 2012, (signed November 28, 2012) is untimely.

Valmain does not deny that his petition is untimely, but argues that newly discovered evidence and rare and exceptional circumstances warrant tolling of the statute of limitations. Specifically, he claims that when he inquired about a "federal appeal," his appellate counsel informed him that he was "only allowed one appeal;" and, therefore, he was unaware that he could pursue post-conviction proceedings until his mother contacted another attorney sometime prior to September 16, 2011.[3] He also asserts that he is actually innocent and learned "about a year" prior to filing the instant petition that the victim and her brother made statements to the Department of Human Services ("D.H.S.") identifying another man named "Paul" as the person who committed the abuse.[4] In support, he submits as newly discovered evidence, a one-page document purportedly from

---

[3]Valmain also asserts throughout his petition for habeas relief that he was told that there was nothing he could do at the state level after his motion for post-conviction relief was denied. He also claims that he was told that he had one year from the denial of his motion for post-conviction relief to file the instant petition. To the extent he asserts either basis as an additional ground for equitable tolling, it is rejected for the reasons set forth herein. ECF No. 1, pp. 1-16.

[4]Valmain claims that the victim and her brother identified Paul Collins, who was allegedly later convicted of abusing another minor and died in prison. ECF Nos. 1, pp. 1-16; 10-3, pp. 1-21.

D.H.S., dated October 2006, referencing their exculpatory statements.[5]

As to his equitable tolling claim, it is well-settled in this Circuit that a petitioner's unfamiliarity with the legal process during the applicable filing period does not merit equitable tolling.  *See, e.g. Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000) (ignorance of law insufficient to toll statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with legal process does not merit equitable tolling).  Whether the unfamiliarity is "due to illiteracy or any other reason" is irrelevant. *Id.*  Valmain does not allege nor does the record show that he was denied access to AEDPA or knowledge of its one-year statute of limitations.  *See Neal v. Bradley*, 2006 WL 2796404 (N.D. Miss. September, 25 2006) (citing the affidavit of the Director of the Inmate Legal Assistance Program provided by Gia McLeod, which avers that all inmates are given a post-conviction packet upon request with information regarding the federal statute of limitations as it relates to state post-conviction and federal habeas deadlines). Records from the Mississippi Department of Corrections reflect that Valmain was not only aware of the program, but availed himself of its services on several occasions in 2007, 2011, and 2012.[6]

---

[5]ECF No. 11, pp. 1-7.

[6]ECF No. 10-7, pp.1-2. Respondents note that Valmain initially entered M.D.O.C. custody on Mach 29, 2007, but was released on appeal bond from October 11, 2007, through April 2, 2009.  Upon his return, M.D.O.C. records indicate that he resumed use of the I.L.A.P. ECF Nos.10-5; 10-7, pp. 1-2.

Even if the Court were to accept Petitioner's contention that his ability to pursue post-conviction relief was somehow impeded by his reliance on counsel's statement that he has only "one appeal," Valmain has not shown that this reliance, rather than his lack of diligence, was the cause of his delay in filing a habeas petition. By his own admission, he learned that he could file a federal habeas petition at some point prior to September 2011. Yet he did not initiate state court collateral proceedings until November 2011, over a year after AEDPA's one-year statutory deadline, and he did not file the instant petition until December 2012, ten months after his motion for post-conviction relief was denied. "[E]quity is not intended for those who sleep on their rights." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).

The Court also liberally construes the new evidence Valmain submits as an attempt to invoke the factual predicate exception outlined in 28 U.S.C. § 2244(d)(1)(D). Valmain asserts that on or about August 16, 2011, his mother contacted trial counsel to obtain copies of the statements given by the minor victim and her brother. In response, he states that she received a five-page report from D.H.S. dated October 20, 2006, indicating that the children identified another individual as the sexual abuser. The Court notes that Valmain's mother has also separately filed the August 2011 email correspondence from counsel transmitting same, and has also submitted a letter advising that she and Valmain were not apprised of the children's exculpatory statements. Valmain has also filed a

6

separate motion to subpoena the documents directly from D.H.S.[7]

The Court notes that the D.H.S. report is a one-page unauthenticated document with no identifying information; it appears to be a summary of various interviews conducted by a social worker between October 17, 2006, and October 20, 2006. Valmain initially asserted that counsel forwarded a five-page report, but he does not produce the report in its entirety. He only submits page four, which references the children's exculpatory statements. He also maintains that the social worker's interviews with the victim's mother and law enforcement identifying him as the abuser are unreliable because they are both biased against him. He has also alleged that several individuals involved in the investigation, prosecution, and trial of his case withheld information or had a conflict of interest.

The plain language of the factual predicate exception provides that AEDPA's limitations period begins running from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Valmain acknowledges that he has been aware of the D.H.S. report since August 2011. Yet, he did not file the instant petition for habeas relief until December 2012, over a year after discovering the evidence.

Even if he had pursued his rights diligently, Valmain's actual innocence claim is insufficient to warrant either statutory or equitable tolling of the one-year limitations

---

[7]ECF Nos.11, 13, 14, 15.

period.  AEDPA's one year statute of limitations "contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted." *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002).  Nor has such an exception been recognized by either the United States Supreme Court or the Fifth Circuit as grounds for equitable tolling.  *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000 ) (holding that a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance [permitting equitable tolling], given that many prisoners maintain they are innocent"). Actual innocence claims provide only "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993).  Even if there were such an exception, to establish actual innocence, a petitioner must present  "new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'"  *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schulp v. Delo*, 512 U.S. 298, 327 (1995)).

Valmain does not meet this high standard required.  An allegation of a potential third party's abuse of the minor child does not rule out his guilt as to the underlying incident.  *White v. Thaler,* 2013 WL 1442568, at \*6 (5th Cir. Apr. 1, 2013) (unpublished).  Both the minor victim and her brother testified at trial that Valmain was the one who committed the abuse in question.  Neither has recounted their sworn testimonies.

Further, the Court finds no indication in the record that Valmain submitted the D.H.S. report as evidence of his actual innocence, or requested that documents be subpoenaed directly from D.H.S. in state court.  The United States Supreme Court has recently held that it is contrary to the principles of exhaustion "to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively de novo." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1399 (2011).  Federal habeas review must be limited to the state-court record that was before the state court that adjudicated the claim on the merits. *Id.* at 1398.[8]  Accordingly, his request to subpoena D.H.S documents should be denied.

In sum, Valmain has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations. *See Holland*, 130 S.Ct. at 2562.  In the absence of any evidence warranting statutory or equitable tolling, Petitioner's habeas petition is time-barred by 28 U.S.C. § 2244(d)(1)(A), and should be dismissed with prejudice.

---

[8] To the extent Petitioner argues that new evidence from the victim or her brother would merely supplement his actual innocence claim, recent Fifth Circuit decisions make clear that "*Cullen* resolves this issue in favor of the state.  By disallowing federal courts (with few exceptions) from considering additional evidence not developed in the state court record, *Cullen* necessarily rules out the use of such proffered evidence to flesh out claims inadequately presented to the state courts." *Ibarra v. Thaler*, 691 F.3d 677, 682 (5th Cir. 2012).  *See Lewis v. Thaler*, 701 F.3d 783, 791 (5th Cir. 2012) (rejecting previous holding in *Dowthitt v. Johnson*, 230 F.3d 733, 745-46 (5th Cir. 2000), that "where new affidavits supplement rather than fundamentally alter a state court claim, they may be admissible for review of a habeas claim under 2254(d).")

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 19th day of August 2013.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE